**Alan N. Magenheim**
**MAGENHEIM & ASSOCIATES**
3701 Kirby Drive, #913
Houston, Texas 77098
Telephone (713) 529-1700
Facsimile (713) 529-1705
Email:  Alan@magenheimlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF ARIZONA

| | |
|---|---|
| ALEJANDRO LOPEZ, a married man in his sole and separate right, §<br>vs. §<br>§<br>MUSINORTE ENTERTAINMENT §<br>CORPORATION, a New Mexico corporation; §<br>HURACANES, INC., a California corporation; §<br>LOS HURACANES DEL NORTE, an §<br>Arizona partnership; HERACLIO GARCIA §<br>and ROSA GARCIA, husband and wife; §<br>FRANCISCO GARCIA and IRMA GARCIA, §<br>husband and wife; JESUS GARCIA, §<br>a single man;GUADALUPE GARCIA and §<br>DORA LETICIA GARCIA, husband and wife. § | No. CV-03-167 TUC CKJ<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND INSPECTION OF DOCUMENTS** |

The Defendants and Judgment Debtors herein, Musinorte Entertainment Corporation, Huracanes, Inc., Los Huracanes del Norte, Heraclio and Rosa Garcia, Irma and Francisco Garcia, Jesus Garcia and Guadalupe Garcia submit the following:

I.    Introduction

Defendants affirmatively state that they have cooperated to the best of their ability in the continued production of documents and information requested by Plaintiff in post-judgment discovery.  In response to Plaintiff's specific complaints here, Defendant has supplemented additional documentation concurrently with the filing of this Response and states that any delay in forwarding the documents was intentional, nor to avoid discovery. By way of history, Heraclio and Rosa Garcia gave depositions in December of 2009 regarding the individual and corporate assets as well as, the overall financial condition of the Judgment Debtors.  Also, each Judgment Debtor gave sworn interrogatory answers and produced documents in September of 2013.  Defendants have

produced hundreds of pages of documentation previously, including property deeds and tax returns for multiple years as requested by Plaintiff. Defendants' most recent supplemental responses to the discovery requests which are the subject of Plaintiff's Motion to Compel are attached hereto as Exhibit "A." The documents supplemented are itemized and described herein below. Also, Defendants' and their counsel have made an effort to resolve the issues here with their supplements, and further with an offer to pay Plaintiff's reasonable attorney's fees for the preparation of the Motion to Compel. (Exhibit "B").

II.     Objections

Defendants asserted timely objections only to the extent that Plaintiff's requests for production sought documents related to persons or entities who are not judgment debtors. To the extent that Defendants, having diligently searched for documentation responsive to these requests, Defendants have supplemented these responses and withdrawn their objections.

III.    The Properties

The Washington property to which Plaintiff refers is the subject of another litigation proceeding in that state, and discovery is and has been conducted there. The Defendant in that proceeding Maria Garcia (the sister of certain of the judgment debtors), has produced documents in her possession or control relative to the real estate transactions on the subject property and has also agreed to give a deposition relating to that property, which has been rescheduled by agreement of the parties and counsel in Washington state. On information and belief, this deposition was not postponed due a delay in document production, but for other reasons not related to discovery in this matter.

In any event, the Defendants in this case have now supplemented the documents which are the subject of the Plaintiff's motion which consist of a promissory note, a savings withdrawal, mortgage document, a property description, and proof of the recorded filings with the county clerk.

The Arizona Property was originally purchased with a loan from Portales National Bank. That original loan was secured by a savings account in the name of Garmex Publishing Company. Garmex is not a judgment debtor, nor a party to the underlying suit. Garmex withdrew the savings money, paid the bank note owed to Portales National Bank, and Frankie Garcia signed a promissory note to Maria Garcia for $664,121.00 amount which was previously held by the bank as security for the original loan, and Maria Garcia then secured a lien for the property. The documents listed above, constitute all the documents in the possession or control of the Defendants herein and have been supplemented to the Plaintiff. Plaintiff's assertions of the creation of "fictitious equity of redemption," are untrue.

The Texas property is subject to a lien held by a Mexican citizen, who made personal loans to the judgment debtor beginning in 2006 and ending in 2011. Defendants have supplemented bank statements showing wire transfers received from this individual. Defendants had previously produced the deeds to the property and Plaintiff is obviously in possession of all lien information. The remaining document to be supplement is the actual loan agreement with the individual in Mexico, which Defendants intend to produce as soon as it is received from Mexico.

FOR THESE REASONS, Defendants pray that Plaintiff's motion be denied, and for any other relief to which Defendants have shown themselves justly entitled.

Respectfully submitted,

*/ Alan N. Magenheim /*

_____
Alan N. Magenheim

Attorney-In-Charge for Defendants

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response was served on Plaintiff's counsel via electronic service on this 21st day of April, 2015.

*/ Alan N. Magenheim /*

_____
Alan N. Magenheim